# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-578-RJC-DSC

| | |
|---|---|
| **HERBERT JUDON,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) |
| **CITY OF CHARLOTTE, et. al.,** | ) ) ) |
| **Defendants.** | ) ) ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss [portions of the Amended Complaint]" (document #7) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff asserts claims for violation of his rights under Title VII of the 1964 Civil Rights Act ("Title VII") as amended, 42 U.S.C. §1981, and the North Carolina Equal Employment Practices Act ("NCEEPA"). Plaintiff is an African American male employed by Defendant City of Charlotte ("the City") in its Aviation Department. Plaintiff has been employed by the City for approximately nineteen years, and currently holds the position of Assistant Aviation Director. Plaintiff alleges that he is highly qualified to serve in executive level managerial positions.

Plaintiff alleges that Brent Cagle, a white male, was appointed to serve as Interim Aviation Director in 2013. He further alleges that no other employees were considered for that position. At that time, there were four Assistant Aviation Directors. Mr. Cagle reorganized the Aviation Department's executive management team to include two Deputy Aviation Director positions. He appointed one of the three remaining Assistant Aviation Directors to one of the deputy positions. That individual was a white male. Plaintiff and the other Assistant Aviation Director were not promoted. Plaintiff was the only racial minority among the four Assistant Aviation Directors. Plaintiff alleges that he is more qualified for the position of Deputy Aviation Director than the white employee who was chosen by Cagle. Plaintiff also alleges that the action was discriminatory since there was no open application period or interview process.

Plaintiff alleges that the City's recruitment and hiring policy provides that vacancies would be announced, posted, and filled through a competitive process. He asserts that Defendants' failure to follow that policy resulted in discrimination based upon his race.

In his Amended Complaint, Plaintiff asserts causes of action against both the City and Charlotte Douglas International Airport for: (1) race-based disparate impact on minorities in violation of Title VII and (2) individual disparate impact in violation of Title VII, as well as (3) a state public policy claim under the NCEEPA. Plaintiff also alleges that he is entitled to relief under 42 U.S.C. §1981 for violation of his civil rights.

On May 2, 2016, Defendants moved to dismiss all claims against the Charlotte Douglas International Airport, contending that the City is the only proper Defendant. Defendants also move to dismiss Plaintiff's NCEEPA claim because state public policy does not create a private right of action for failure to promote. Finally, Defendants argue that his Section 1981 claim fails because the statute does not provide relief against State actors.

Defendants' Motion to Dismiss has been fully briefed and is ripe for determination.

**II. DISCUSSION**

**A. Standard of Review**

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior

era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

### B. 42 U.S.C. § 1981 Claim

In his "Memorandum in Opposition" (document #11), Plaintiff states only that he "will seek leave to amend his complaint in this cause. If such leave is granted plaintiff agrees a proceeding under 42 U.S. C. Section 1983 would be preferable. Accordingly, plaintiff acquiesces to such ruling as the court sees fit as to this claim and cause of action." Id. at 7.

Plaintiff has not filed a motion for leave to amend. Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted as to Plaintiff's 42 U.S.C. § 1981 claim.

### C. NCEEPA Claim

Plaintiff alleges race discrimination in the promotional process in violation of N.C.G.S. §143-422.2, commonly known as the North Carolina Equal Employment Practices Act (NCEEPA). The Act provides in pertinent part:

> It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

N.C.G.S. §143-422.2.

The Fourth Circuit Court of Appeals has held that there is no private right of action under the NCEEPA other than common law wrongful discharge claims "or in connection with other specific statutory remedies." Smith v. First Union Nat. Bank, 202 F.3d 234, 247 (4th Cir. 2000). See also Johnson v. N. Carolina, 905 F. Supp. 2d 712, 724 (W.D.N.C. 2012) ("While the NCEEPA clearly pronounces the State's public policy, the Act itself amounts to little more than a declarative policy statement that affords plaintiffs no statutory remedies or private causes of action for its violation.")

Plaintiff remains an employee of the City. In his "Memorandum in Opposition" (document #11), Plaintiff states that he "seeks leave to amend his complaint in this cause. In plaintiff's proposed second amended complaint if accepted, the plaintiff will abandon this cause of action in favor of federal statutory claims that cover the issues that served to harm the plaintiff's equal employment opportunity claims." Id. at 6. Plaintiff has failed to file a motion for leave to amend. The undersigned respectfully recommends that Defendants' Motion to Dismiss be granted as to Plaintiff's NCEEPA claim as well.

### C. Claims Against Defendant Airport

In his "Memorandum in Opposition" (document #11), Plaintiff states that he "inadvertently left the word Commission off the captioned heading in the amended complaint that was filed in this cause. Plaintiff believed that as CLT is a component part of the City, defendant CLT was served with the summons and complaint in this cause when the City was served." Id. at 11. Plaintiff has not moved to amend his Amended Complaint.

Accordingly, the operative pleading in this case names the same Defendant twice - the City of Charlotte and Charlotte Douglas International Airport, an agency and Municipal Department of the City of Charlotte.[1] Such pleading is redundant. The undersigned respectfully recommends that the Defendants' Motion to Dismiss be <u>granted</u> as to the named Defendant Charlotte Douglas International Airport.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Defendants' Motion to Dismiss" (document #7) be **GRANTED**, that is, Plaintiff's claims pursuant to the North Carolina Equal Employment Practices Act (NCCEEPA) and 42 U.S.C. § 1981 as well as all claims against Charlotte Douglas International Airport as an agency and department of Defendant City of Charlotte be **DISMISSED WITH PREJUDICE**.

### IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316;

---

[1] The Court does not consider the effect of Defendant City of Charlotte's successful challenge to Session Law 2013-358 in Mecklenburg County Superior Court. <u>See</u> Judgment, <u>City of Charlotte v. State of NC and Charlotte Douglas International Airport Commission</u>, 13-CRS-12678 (2014).

Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: July 7, 2016

David S. Cayer
United States Magistrate Judge